UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ANTONIO KLAPAKIS,

                Plaintiff,

              -against-

AMK CONTRACTING CORPORATION ET AL,

                Defendants.

-----------------------------------------------------------------X

ANN M. DONNELLY, United States District Judge:

**MEMORANDUM DECISION AND ORDER**
14 Civ. 4806 (AMD) (SMG)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 1 7 2017 ★

BROOKLYN OFFICE

**OVERVIEW**

The plaintiff, Antonio Klapakis, worked for the defendants AMK Contracting

Corporation, Praxis Contracting Corporation, Emmanuel Korkis, John Giavris, George Gizanis

and Statios Dramantounis (collectively, "AMK defendants") from November of 2009 to

December 20, 2011. (Defs. 56.1, ECF 60, Ex. 1 ¶¶ 1, 7.)[1] He asserts claims for overtime

payments pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law

("NYLL"). On September 14, 2016, the defendants moved for summary judgment. For the

reasons that follow, the defendants' motion is granted with respect to the plaintiff's NYLL

claims, but denied with respect to his FLSA claims.

**BACKGROUND**

The plaintiff worked for the defendants as a plumber on construction projects. His duties

included "installing, repairing, maintaining, renovating" pipes and water heaters, and "working

on other relevant water distribution and wastewater disposal mechanisms." (Compl., ECF 1 ¶

---

[1] I have set forth the facts in the light most favorable to the plaintiff, drawing all reasonable inferences in his favor. I cite the defendants' Rule 56.1 statement for all undisputed facts ("Defs. 56.1," ECF 60, Ex. 1), but I refer to the same paragraph in the plaintiff's Rule 56.1 statement ("Pl 56.1," ECF 66.).

11.) As the plaintiff's supervisor, defendant Dramantounis was responsible for setting his schedule, and keeping track of his hours and activities. (Defs. 56.1 ¶¶ 5-6, 9.)

At the end of 2009, the plaintiff worked on a project in Far Rockaway, Queens. (*Id.* ¶ 10.) Subsequently, he worked on projects outside of New York: first in Virginia, from the beginning of 2010 to August of 2011, and then in Fitchburg, Massachusetts for the duration of his employment. (*Id.* ¶¶ 11-13.)

The parties dispute how many hours per week the plaintiff worked. The defendants claim that his "normal working hours were from 8:00am to 4:00pm," and that he never worked overtime. (Def. 56.1 ¶¶ 16, 22.) The plaintiff maintains that in addition to these standard hours, he "worked substantial overtime at the [defendants'] jobsites," (Pl. 56.1 ¶ 22), purchased supplies for the defendants (*Id.* ¶¶ 23, 28), and was responsible for driving the employees' shared transportation. (*Id.* ¶¶ 32-37.) As the driver, the plaintiff took the employees to the jobsites each day and back to New York every two weeks. (*Id.* ¶ 22.)[2] Considering these additional duties, the plaintiff claims that he worked 11 to 12 hours a day, six days a week until August of 2011, and then worked at least 12 hours a day, seven days a week from August of 2011 to December 20,

---

[2] The defendants do not dispute that "[a]ll workers on the Virginia and Massachusetts Projects shared transportation to the projects in the morning and back to their residences in the afternoon" or that "[w]orkers were given the option to return to the New York City area" every two weeks. (Def. 56.1 ¶¶ 18, 21.) They do not address the plaintiff's claim that he was responsible for driving the shared transportation.

2011. (Compl. ¶¶ 13-14.)[3] On August 13, 2014, the plaintiff filed this complaint for unpaid overtime.

## DISCUSSION

Summary judgment is appropriate only if the parties' submissions show that there is "no genuine dispute as to any material fact," and therefore the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The movant has the "burden of showing the absence of any genuine dispute as to a material fact." *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997). "Once the moving party has met this burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 349 (E.D.N.Y. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "The non-moving party 'may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that [their] version of the events is not wholly fanciful.'" *Id.* (quoting *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998)). Nevertheless, the court is to resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010).

## I. FLSA Statute of Limitations

"The FLSA provides a two-year statute of limitations on actions to enforce its provisions, 'except that a cause of action arising out of a willful violation may be commenced within three

---

[3] Although it is not material to the plaintiff's claim, the parties acknowledge that the plaintiff was shot by a co-worker from another construction company on December 21, 2011. (Defs. Mot. Summ. J. at 7, ECF 61, Ex. 9, at 7.) The defendants issued checks to the plaintiff following this incident. They claim that they did so out of kindness and concern for him. (*Id.* at 8; Pl. Opp Br. at 8.)

years after the cause of action accrued.'" *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 70 (2d Cir. 2014) (quoting 29 U.S.C. § 255(a)). To trigger the three-year statute of limitations for willful violations, an FLSA plaintiff must establish that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* at 71 (citing *Reich v. Waldbaum, Inc.,* 52 F.3d 35, 39 (2d Cir. 1995) (quotation marks omitted)). It is not enough to show that the employer acted merely "unreasonably;" rather, the plaintiff bears the burden of proving that the employer acted "recklessly." *Id.* (citations omitted).

According to the defendants, the plaintiff's FLSA claim is time-barred because he has not established that they acted willfully; thus, they argue, the two-year statute of limitations applies. (Defs. Mot. Summ. J., ECF 61, Ex. 9 at 5.) To support this assertion, they rely solely on the deposition testimony of defendants Giavris, Gizanis, and Korkis, each of whom said that their employees were paid a standard rate based on an eight-hour work day. (Deposition of Emmanuel Korkis, ECF 61, Ex. 2 ("Korkis Dep.") at 19; Deposition of John Giavris, ECF 61, Ex. 4 ("Giavris Dep.") at 25; Deposition of George Gizanis, ECF 61, Ex. 6 ("Gizanis Dep.") at 13.) The plaintiff responds that the defendants' deposition testimony is contradictory, and that his own testimony is corroborated by the only non-party deponent, Anastasios Parikas, the plaintiff's longtime friend and a co-worker on the project in Danville, Virginia. (Pl. Opp. Br., ECF 65, at 2-5; Deposition of Anastasios Parikas, ECF 67, Ex. 1 ("Parikas Dep.") at 5-10.)[4]

"Notably, district courts in this circuit have generally left the question of willfulness to the trier of fact." *Eschmann v. White Plains Crane Serv., Inc.*, No. 11-CV-5881 KAM VVP, 2014 WL 1224247, at *5 (E.D.N.Y. Mar. 24, 2014) (citing *Ramirez v. Rifkin,* 568 F.Supp.2d

---

[4] The defendants argue that Parikas was not named in the plaintiff's Rule 26 disclosures and "did not appear until after the end of the discovery period." (Defs. Reply Br. at 3.) Following a June 6, 2016 conference with the parties, Magistrate Judge Gold extended discovery to June 30 to allow for the Parikas deposition. (ECF 57.)

262, 268 (E.D.N.Y. 2008); *Berrios v. Nicholas Zito Racing Stable, Inc.,* 849 F.Supp.2d 372, 391

(E.D.N.Y. 2012)). Courts have departed from this practices where the "FLSA violation was due

to a misclassification of the plaintiff as being exempt, or there existed no genuine dispute that the

employer had been on notice that it was subject to the FLSA." *Id.* (citations omitted).

I find that there are disputed issues of fact that preclude summary judgment on the issue

of whether the defendants' alleged FLSA violations were willful. Although defendants Korkis,

Giavaris, and Gizanis testified that they required employees to work a standard eight-hour day,

defendant Dramantounis testified that there were no company rules or policies that precluded

employees from working overtime, and that on certain occasions some employees stayed behind

to keep working after the others left. (Deposition of Stamatios Dramantounis, ECF 61, Ex. 8

("Dramantounis Dep.") at 51, 69-70, 116-17.) The plaintiff testified that he worked overtime

and that he performed driving duties in addition to his standard workday. (Deposition of Antonio

Klapakis, ECF 61, Ex. 10 ("Klapakis Dep.") at 33-36, 71-72, 88-91, 110.) Likewise, Parikas

testified that the plaintiff was responsible for driving the defendants' employees to and from the

jobsite in Virginia, (Parikas Dep. at 10, 57) and that the plaintiff frequently worked 12-hour

days, including on the weekends. (*Id.* at 47.)[5]

In sum, this question comes down to a credibility determination that cannot be resolved

on a motion for summary judgment. As the defendants note, however, even if the plaintiff

establishes that the alleged violation was willful, his FLSA claims only extend back to his work

on the Massachusetts project, from August to December of 2011. (Defs. Mot. Summ. J., ECF 61,

Ex. 9 at 4-5.) As to work he performed on prior projects, the plaintiff's FLSA claims are time-

barred.

---

[5] Although Parikas only worked with the plaintiff in Danville, and not Massachusetts, his testimony may be relevant
to the question of whether the defendants acted willfully.

## II.     FLSA and NYLL Overtime

The "FLSA requires that, 'for a workweek longer than forty hours,' an employee who

works 'in excess of' forty hours shall be compensated for that excess work 'at a rate not less than

one and one-half times the regular rate at which he is employed' (*i.e.,* time and a half)." *Lundy v.*

*Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113–14 (2d Cir. 2013) (quoting 29

U.S.C. § 207(a)(1)). New York imposes a similar overtime requirement, and mandates "that an

employee be paid a 'spread-of-hours' premium equal to one hour of pay at the statutory

minimum wage for each day an employee works over ten hours." *Gunawan v. Sake Sushi Rest.*,

897 F. Supp. 2d 76, 84 (E.D.N.Y. 2012) (citing N.Y. Lab. Law § 650 *et seq.;* N.Y. Comp.Codes

R. & Regs. ("NYCRR") tit. 12 §§ 142–2.2, –2.4.).

The defendants argue that the plaintiff did not actually work overtime.[6] They contend that

it would have been impossible for him to do so because "[t]he renovation work was done so that

the tenants could have quiet and undisturbed evenings while their residences were being

improved," and that the workers all traveled together to and from the jobsite. (Defs. Mot. Summ.

J. at 6.) Their sole citation is to defendant Dramantounis' deposition testimony that, as a

supervisor, he tracked employees' hours. (*Id.* at 6-7; Defs. 56.1 ¶ 6.) Although the defendants

claim that "many witnesses could confirm the normal work hours," they have not produced any

such witnesses or supported their claims with evidence in the record. (Def. Reply Br., ECF 68, at

4.) Likewise, they claim that the plaintiff's amended complaint, affidavit, and deposition

---

[6] The defendants do not contest that the plaintiff is a covered employee under the FLSA and NYLL, *see* 29 U.S.C. § 203(e)(1); N.Y. Lab. Law §§ 190(2), 651(5), nor do they dispute that he was covered by the FLSA overtime provision, in particular. *See, e.g., Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 120-21 (E.D.N.Y. 2011) (noting that the FLSA overtime provision applies to employees who were "(1) personally engaged in interstate commerce or in the production of goods for interstate commerce (so-called 'individual coverage'), or (2) [were] employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce (so-called 'enterprise coverage')") (citing *Shim v. Millennium Group*, No. 08-CV-4022, 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009)).

testimony are contradictory, but they do not cite any part of any transcript to support their claim. (Reply Br. at 2-4.)[7]

Moreover, the defendants do not address the plaintiff's claim that his overtime included hours he spent driving his coworkers to and from jobsites and driving to pick up supplies—duties that had nothing to do with renovation work in the evenings. In an argument relegated to a footnote in their reply brief, the defendants assert that the plaintiff's driving duties are not compensable as overtime under 29 U.S.C. § 254 (a)(1), which precludes overtime payments for "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform." (Defs. Reply Br. at 4, n. 3) "It is well-established," however, "that 'arguments may not be made for the first time in a reply brief.'" *Zirogiannis v. Seterus, Inc.*, No. 15CV5884SJFARL, 2016 WL 7410541, at *4 (E.D.N.Y. Nov. 28, 2016) (quoting *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) (internal alterations omitted)), and that "new arguments first raised in reply papers in support of a motion will not be considered." *Id.* (quoting *Domino Media, Inc. v. Kranis*, 9 F.Supp.2d 374, 387 (S.D.N.Y. 1998) (internal alterations omitted)). Even if this Court were to consider whether the plaintiffs' alleged overtime duties are non-compensable under 29 U.S.C. § 254 (a)(1), the defendants do not address any potential distinctions between the plaintiff's allegations—that he was required to drive others for several hours every two weeks as part of his job duties—and the statutory language, which addresses an employee's individual transportation to and from work.

Like the defendants' statute of limitations argument, "[r]esolution of this dispute requires the kinds of credibility determinations and assessments of conflicting evidence that a[re]

---

[7] In their reply brief, the defendants assert that the plaintiff "admitted that the driver-errand runner on the projects" was his co-worker, Steve Kolomvakis. (Defs. Reply Br. at 9, n. 5 (citing Deposition of Anthony Klapakis ("Klapakis Dep.") at 28.) The cited portion of the deposition transcript does not support their allegation; Klapakis merely stated that Kolomvakis' duties included driving, not that Kolomvakis was responsible for all of the driving.

properly the province" of the fact-finder." *United States v. Gray*, No. 08-CV-244 ARR RML, 2013 WL 2470303, at *9 (E.D.N.Y. June 7, 2013) (citing *Reiff v. United States,* 461 F.Supp.2d 142, 151 (S.D.N.Y. 2006)). Accordingly, I deny the defendants' motion for summary judgment as to the plaintiff's FLSA claims.

### III.    The Extraterritorial Applicability of the NYLL

The defendants assert that New York Labor Law does not apply because the plaintiff's claim pertains to work that he performed in Massachusetts. "Under New York law, it is a settled rule of statutory interpretation, that unless expressly stated otherwise, no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state ... enacting it." *Warman v. Am. Nat'l Standards Inst.*, No. 15-CV-5486 (RA), 2016 WL 3676681, at *2 (S.D.N.Y. July 6, 2016) (quoting *Magnuson v. Newman*, No. 10-CV-6211 (JMF), 2013 WL 5380387, at * 5 (S.D.N.Y. Sept. 25, 2013) (quoting *Goshen v. Mut. Life Ins. Co. of New York*, 730 N.Y.S.2d 46, 47 (App. Div. 2001)). The "NYLL is silent on its extraterritorial application," though several courts within the Second Circuit have declined to apply it extraterritorially. *Id.* (citing *O'Neill v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572, 578 (S.D.N.Y. 2013); *Magnuson*, 2013 WL 5380387, at *5; *Hart v. Dresdner Kleinwort Wasserstein Sec., LLC*, No. 06-CV-0134 (DAB), 2006 WL 2356157, at *20 (S.D.N.Y. Aug. 9, 2006); *Hammell v. Paribas*, No. 90-CV-4799 (JSM), 1993 WL 426844, at *1 (S.D.N.Y. Oct. 22, 1993)).

The plaintiff responds that the applicability of the NYLL requires a choice of law analysis, and does not lend itself to a bright line rule. He relies on *Heng Guo Jin v. Han Sung Sikpoom Trading Corp.*, No. 13-CV-6789 CBA LB, 2015 WL 5567073 (E.D.N.Y. Sept. 21, 2015), in which the Honorable Carol Amon considered whether "the NYLL embrace[s] work done by a New York-based employee of a New York company who begins and ends his workday

in New York but spends a substantial part of his workday transporting goods to out-of-state buyers." *Heng Guo Jin*, 2015 WL 5567073, at *9. Under those circumstances, Judge Amon concluded that choice-of-law principles governed the analysis, and distinguished cases in which courts declined to apply the NYLL extraterritorially, finding that those "cases stand only for the uncontroversial proposition that a state's labor laws do not reach work done entirely and exclusively outside that state." *Id.*; *see also, e.g., O'Neill*, 968 F. Supp. 2d at 579 ("Plaintiff's reliance on residence or domicile is misplaced. The crucial issue is where the employee is 'laboring,' not where he or she is domiciled."). The plaintiff's claim is about work that was performed entirely out of state; thus, the reasoning in *Heng Guo Jin* is inapplicable.

I do not agree, as the plaintiff claims, that New York courts "engage in [a] typical choice-of-law analysis" when assessing the extraterritorial application of the NYLL. (Pl. Opp. Mem. At 7.) The plaintiff cites only one state case to support this argument—*Padula v. Lilam Properties Corp.*, 84 N.Y.2d 519, 620 N.Y.S.2d 310, 644 N.E.2d 1001 (1994), in which the New York Court of Appeals applied a choice-of-law analysis to determine whether a New York resident's injuries incurred while performing out-of-state work for a New York company gave rise to claims under the NYLL. *Padula*, 84 N.Y.2d at 521, 644 N.E.2d at 1002. The court applied the "interest analysis" applicable "[i]n the context of tort law" in order to "to determine which of two competing jurisdictions has the greater interest in having its law applied in the litigation." *Id.* Unlike *Padula*, this case does not involve a tort or any other factors that might counsel for an interest analysis.[8] This is a claim for overtime pay based on labor performed outside the state. Accordingly, I grant the defendants' motion to dismiss the plaintiff's NYLL claims.

---

[8] Notably, one judge filed a concurring opinion in *Padula*, declining to apply the choice-of-law analysis. *See* 84 N.Y.2d at 521 (Titone, J., concurring) ("I vote to affirm in this case for the simple reason that the Labor Law, by its terms, is inapplicable to conduct occurring outside the State.").

## IV.  Frivolity

Finally, the defendants argue that this case should be dismissed as frivolous, because the defendants "provided [the plaintiff] with good employment and even paid him money voluntarily after he was shot," (Defs. Mot. Summ. J. at 8) and because the plaintiff's allegations are "vague, false, and outrageous." (*Id.*) The defendants do not cite any authority supporting dismissal because a plaintiff is insufficiently grateful.

## CONCLUSION

For the reasons stated above, I grant the defendants' motion for summary judgment with respect to the plaintiff's NYLL claims. I deny their motion for summary judgment with respect to the plaintiff's FLSA claims. The plaintiff's NYLL claims are dismissed. A jury trial on the remaining claims will begin on August 14, 2017.

SO ORDERED.

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated:  Brooklyn, New York
May 17, 2016